IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBORAH L. ANDERSON,                      08-CV-6005-BR

        Plaintiff,                  OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.


**DREW L. JOHNSON**
Drew L. Johnson, P.C.
1700 Valley River Dr.
Eugene, Oregon  97405
(541) 434-6366

        Attorneys for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**BRITTANIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053


1   -  OPINION AND ORDER

**DAVID MORADO**
Office of the General Counsel
**RICHARD RODRIGUEZ**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2545

       Attorneys for Defendant


**BROWN, Judge.**

     Plaintiff Deborah L. Anderson seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) and found Plaintiff ineligible for Supplemental Security Income (SSI) payments under Titles II and XVI of the Social Security Act.  Plaintiff seeks an order reversing the decision of the Commissioner and remanding this action for an award of benefits.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

     On October 15, 2008, the Commissioner filed a Motion to Remand (#12) for further administrative proceedings on the ground that the ALJ erred when she improperly rejected the opinion of J. Mark Wagener, Ph.D., as to Plaintiff's limitations and also improperly evaluated whether Plaintiff's work as a telephone sales consultant was substantial gainful activity (SGA) and, therefore, constituted past relevant work.

2  -  OPINION AND ORDER

This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

## ADMINISTRATIVE HISTORY

Plaintiff filed her application for DIB on December 10, 2003 and her application for SSI on November 26, 2003, alleging an onset date of August 16, 2002.  Tr. 57, 326.[1]  The applications were denied initially and on reconsideration.  Tr. 41-42, 45, 49, 330-39.  An Administrative Law Judge (ALJ) held a hearing on February 8, 2005.  Tr. 18.  At the hearing, Plaintiff was represented by an attorney.  The ALJ issued an opinion on June 23, 2005, in which she found Plaintiff was not entitled to benefits.  Plaintiff requested the Appeals Council to review the decision.  On May 10, 2006, the Appeals Council remanded the matter to the ALJ for further administrative proceedings.

The ALJ held a second hearing on January 30, 2007.  Plaintiff was represented by an attorney.  Plaintiff and a vocational expert (VE) testified at the hearing.  The ALJ issued an opinion on June 22, 2007, in which she again found Plaintiff

---

[1] Citations to the official transcript of record filed by the Commissioner on June 5, 2008, are referred to as "Tr."

3  -  OPINION AND ORDER

was not entitled to benefits.  That decision became the final decision of the Commissioner on November 2, 2007, when the Appeals Council denied Plaintiff's request for review.  Tr. 10.

## BACKGROUND

Plaintiff was 52 years old at the time of the hearing. Tr. 596.  She has an associate's degree and a license in practical nursing (LPN).  Tr. 596.  Plaintiff has previously worked as an LPN and as a telephone sales consultant.  On May 22, 2001, Plaintiff fell at work, which exacerbated some existing degenerative disc disease and caused moderate, right-side disc herniation.  Tr. 147.

Except when noted below, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 21-25.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to

4   -  OPINION AND ORDER

last for a continuous period of not less than 12 months."
42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of
developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th
Cir. 2001).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  Substantial
evidence means more than a mere scintilla, but less than a
preponderance, i.e., such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion."  *Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal
quotations omitted).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
2001).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Robbins,*
466 F.3d at 882.  The Commissioner's decision must be upheld even
if the evidence is susceptible to more than one rational
interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir.
2005).  The court may not substitute its judgment for that of the

Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknow-ledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R.

§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The criteria for
the listed impairments, known as Listings, are enumerated in
20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

      If the Commissioner proceeds beyond Step Three, he must
determine the claimant's RFC, which "is an assessment of the
sustained, work-related physical and mental activities" that the
claimant can still do "on a regular and continuing basis" despite
his limitations.  20 C.F.R. § 404.1520(e).  *See also* Soc. Sec.
Ruling (SSR) 96-8p.  A 'regular and continuing basis' means 8
hours a day, for 5 days a week, or an equivalent schedule."  SSR
96-8p, at *1.  In other words, the Social Security Act does not
require complete incapacity to be disabled.  *Smolen v. Chater*, 80
F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a
claimant's RFC is at the heart of Steps Four and Five of the
sequential analysis engaged in by the ALJ when determining
whether a claimant can still work despite severe medical
impairments.  An improper evaluation of the claimant's ability to
perform specific work-related functions "could make the
difference between a finding of 'disabled' and 'not disabled.'"
SSR 96-8p, at *4.

      In Step Four, the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See*
*also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

7   -   OPINION AND ORDER

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff's past work as a telephone sales consultant was substantial gainful activity (SGA).  Tr. 21.

At Step Two, the ALJ found Plaintiff has the severe impairments of lumbar degenerative disc disease, adjustment disorder, and chronic obstructive pulmonary disease.  Tr. 21.

At Step Three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or equals a Listing.  The ALJ assessed Plaintiff's RFC and found she can sit, stand, or walk up to six hours in an eight-hour workday; must be

able to change positions at will; cannot engage in prolonged standing; cannot push or pull; can occasionally climb, balance, stoop, kneel, crawl, or crouch; cannot perform complex tasks or follow complex instructions; and must not be exposed to hazardous work locations.  Tr. 21.

At Step Four, the ALJ found Plaintiff is able to perform her past relevant work as a telephone sales consultant.  Tr. 26.

At Step Five, the ALJ found Plaintiff is able to perform jobs that exist in significant numbers in the national economy. Tr. 27.  The ALJ identified two examples of such work drawn from the testimony of the VE:  assembly production worker and assembly machine tender.  Tr. 27.  Thus, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 28.


## DISCUSSION

Plaintiff contends the ALJ erred when she (1) improperly found at Step One that Plaintiff's work as a telephone sales consultant was SGA; (2) improperly rejected the opinions of John Ward, M.D., and Dr. Wagener; and (3) improperly rejected Plaintiff's testimony.

Defendant requests the Court remand the matter for further administrative proceedings on these issues.


9   -  OPINION AND ORDER

**I.   Plaintiff's past work as a telephone sales consultant.**

Plaintiff contends the ALJ erred at Step One when she found Plaintiff's past work as a telephone sales consultant was SGA.

A claimant's earnings may show the claimant's activities are SGA, but a claimant may provide the Commissioner with information that "shows that [the Commissioner] should not count all of [the claimant's] earnings."  20 C.F.R. §§ 404.1574(a)(1), 416.974(a)(1).  "If [a claimant's] work is done under special conditions, [the Commissioner] may find that it does not show that [the claimant has] the ability to do substantial gainful activity."  20 C.F.R. §§ 404.1573(c), 416.973(c).  In addition, when a claimant is "forced to stop or to reduce below the substantial gainful activity level after a short time [six months or less] because of [her] impairment," the Commissioner generally considers the attempt to work to be unsuccessful.  20 C.F.R. §§ 1574(a)(1), 416.974(a)(1).  *See also* SSR 05-02.

In his Motion to Remand, Defendant concedes the ALJ erred at Step One when she found Plaintiff's employment as a telephone sales consultant constituted SGA.  Defendant, therefore, requests the Court to remand this matter for the purpose of allowing the ALJ to request information from Plaintiff's employer regarding the special accommodations that were provided to Plaintiff.

From March 10, 2003, to August 10, 2003, Plaintiff worked approximately 30 hours per week as a telephone sales consultant.

Tr. 75.  The ALJ found Plaintiff's work was SGA based on her
income of $4,306 during that period.  Tr. 21.  The ALJ did not
evaluate whether Plaintiff's employer specially accommodated
Plaintiff to such a degree that not all of Plaintiff's earnings
should have been counted when the ALJ determined whether
Plaintiff's work as a telephone sales consultant constituted SGA
or a failed work attempt as defined by 20 C.F.R. §§ 1574(a)(1)
and 416.974(a)(1).  The record reflects Plaintiff's employer
provided special accommodations to Plaintiff that were not given
to other employees such as allowing Plaintiff to sit or to stand
as needed, to lie down in her car during breaks, and to miss at
least one day of work per week.  Tr. 559-60.  In addition, an SSA
worker who initially reviewed Plaintiff's applications for
benefits recommended Plaintiff's five-month employment as a
telephone sales consultant should be considered "an unsuccessful
work attempt."  Tr. 80.  Finally, in an Adult Disability Report
completed on December 12, 2002, Plaintiff stated she took the job
as a telephone sales consultant in "the hopes it would be easier"
on her back.  According to Plaintiff, however, the job was not
easier on her back, and, therefore, she was forced to quit.
Tr. 82.

On this record, the Court concludes the ALJ erred when she
found Plaintiff's work as a telephone sales consultant was SGA
because she did not consider whether Plaintiff's employer

11  -  OPINION AND ORDER

specially accommodated Plaintiff to such a degree that not all of Plaintiff's earnings should have been counted or whether Plaintiff's work as a telephone sales consultant constituted a failed work attempt under 20 C.F.R. §§ 1574(a)(1) and 416.974(a)(1).

**II. Physicians' opinions.**

Plaintiff contends the ALJ erred when she improperly rejected the opinions of Drs. Wagener and Ward as to Plaintiff's limitations.  In his Motion to Remand, Defendant concedes the ALJ did not give legally sufficient reasons supported by the record for rejecting Dr. Wagener's opinion, but argues the ALJ properly rejected Dr. Ward's opinion.  Defendant requests the Court to remand the matter for further administrative proceedings so that the ALJ may resolve inconsistencies in the medical record.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Id*.  *See also Lester*, 81 F.3d at 830-32.

A nonexamining physician is one who neither examines nor treats the claimant. *Lester*, 81 F.3d at 830. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id*. at 831. When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so. *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999). A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record. *Id*. at 600.

**A.    Dr. Wagener.**

Plaintiff contends the ALJ erred when she rejected the opinion of Dr. Wagener, an examining physician, as to Plaintiff's limitations.

On March 17, 2005, Dr. Wagener performed a psychological evaluation of Plaintiff at the request of Disability Determination Services (DDS).[2] Tr. 388. Plaintiff reported to Dr. Wagener that she has suffered from symptoms of depression since childhood, but she did not have any symptoms of depression

---

[2] Disability Determination Services (DDS) is a federally funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. § 416.903.

during her 14 years working as a nurse because her nursing career
was rewarding.  Tr. 389.  Plaintiff stated her depression had
worsened significantly since leaving her last place of employment
as a nurse.  Tr. 389.  Dr. Wagener found Plaintiff did not appear
to be exaggerating her symptoms and her activities of daily
living were consistent with her observed behavior.  Tr. 392.
Dr. Wagener completed a Medical Source Statement of Ability to Do
Work-Related Activities (Mental) in which he found Plaintiff has
slight limitations in her ability to understand and to remember
short, simple instructions and to make judgments on simple
work-related decisions; moderate limitations in her ability to
carry out short, simple instructions; marked limitations in her
ability to understand, to remember, and to carry out detailed
instructions; moderate limitations in interacting appropriately
with the public, supervisors, and coworkers; and moderate
limitations in responding appropriately to work pressures and
changes in routine.  Tr. 393-94.  Dr. Wagener noted Plaintiff's
limitations on "high pain" days could be even more severe.
Tr. 393.  He also stated he was not qualified to comment on "the
effects of [Plaintiff's] considerable medications."  Tr. 394.

    Although the ALJ recited the limitations assessed by
Dr. Wagener without specifically rejecting them, the ALJ did not
include those limitations in her RFC assessment of Plaintiff nor
in the hypothetical posed to the VE.  Accordingly, the ALJ

14  -  OPINION AND ORDER

implicitly rejected the opinion of Dr. Wagener without providing
any basis for doing so.

On this record, the Court concludes the ALJ erred when she
rejected the opinion of Dr. Wagener because the ALJ did not
provide legally sufficient reasons supported by substantial
evidence in the record for rejecting Dr. Wagener's opinion.

**B.    Dr. Ward.**

Plaintiff contends the ALJ erred when she rejected the
opinion of Dr. Ward, treating physician, as to Plaintiff's
limitations.

Dr. Ward treated Plaintiff from February 2, 2004, to
February 1, 2007.  Tr. 229-48, 293-325, 396-418, 424-505.
Dr. Ward opined Plaintiff suffers from chronic back pain with
intermittent radiculopathy, degenerative disc disease, and
depression.  Tr. 231, 238.  In a January 26, 2005, letter written
in response to an inquiry by Plaintiff's counsel, Dr. Ward stated
Plaintiff cannot work on a full-time basis because she suffers
from chronic and limiting pain on a daily basis.  Tr. 386.

The ALJ rejected Dr. Ward's opinion on the ground that
Dr. Ward did not provide any objective findings or medical
rationale as to the source of Plaintiff's chronic pain.  Tr. 25.
The record reflects, however, that Dr. Ward referred Plaintiff to
a neurologist, Allen Brooks, M.D., who examined Plaintiff on
July 12, 2004, and found Plaintiff had weakness in her arms and

legs as well as muscle spasms and symptoms of restless leg
syndrome.  Tr. 280-82.  Dr. Ward also ordered an MRI, which shows
a slight straightening of the normal lordotic curve, loss of disk
space height, disk desiccation, multiple Tarlov cysts (fluid-
filled sacs that can compress nerve roots in the sacrum) in the
lower sacral segment, lumbar left-side scoliosis, mild neural
foraminal encroachment at L3 and L4, abutment of Plaintiff's left
L3 nerve root, and moderate neural foraminal encroachment and
asymmetric facet degenerative changes at Plaintiff's right L4
nerve root.  Tr. 396.  In addition, Dr. Ward's treatment notes as
a whole indicate an ongoing cycle of severe pain followed by a
change or increase in Plaintiff's medication that provides
moderate relief for a time followed by another episode of severe
pain.  Tr. 229-48, 293-325, 396-418, 424-505.

     The ALJ also rejected Dr. Ward's opinion on the ground that
it is inconsistent with other medical evidence in the record such
as the opinion of John Kast, M.D., a neurosurgeon who examined
Plaintiff at the request of Dr. Ward on July 7, 2005.  Dr. Kast,
however, examined Plaintiff for the purpose of determining
whether she was a candidate for surgery for her pain and did not
assess the limitations caused by the combination of all of
Plaintiff's impairments such as her depression and chronic
obstructive pulmonary disease for which the record reflects she
has been hospitalized twice.  Tr. 285, 530.  Even though Dr. Kast

stated Plaintiff's degenerative disk changes are "universally present in this age group," he, nevertheless, noted Plaintiff's symptoms were consistent with a severe strain injury. Tr. 508-10.  Dr. Kast also reported Plaintiff had tenderness in her paraspinous muscles and over both of her sciatic notches, which is consistent with Dr. Ward's opinion.  Tr. 509-10.  In addition, Lloyd Anderson, M.D., an examining physician, stated on October 3, 2001, that Plaintiff has a history of chronic back pain and noted her MRI showed advanced degenerative changes and scoliotic deformity throughout her lumbar spine.  Tr. 147.  As noted, the MRI performed on April 29, 2005, also reflected extensive degenerative changes to Plaintiff's lumbar spine, including nerve root encroachment.  Tr. 396.

The Court concludes on this record that the ALJ erred when she rejected the opinion of Dr. Ward because the ALJ did not provide legally sufficient reasons supported by substantial evidence in the record for doing so.

When the ALJ does not provide a legally sufficient basis for rejecting a treating physician's opinion, the Court may credit that opinion as a matter of law.  *Lester*, 81 F.3d at 834.  Based on this record, the Court credits the opinions of Drs. Ward and Wagener.  Crediting the opinions of Drs. Ward and Wagener, the record reflects Plaintiff suffers from chronic and limiting pain on a daily basis and depression that causes moderate to marked

17  -  OPINION AND ORDER

limitations in sustaining work-related activities.

## III. Plaintiff's testimony.

Plaintiff contends the ALJ erred when she found Plaintiff's testimony not credible.  Defendant does not make any arguments to support the ALJ's finding as to Plaintiff's credibility.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403 (9th Cir. 1986), *aff'd in Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81

F.3d at 834).

Here Plaintiff testified she has chronic and debilitating pain in her lower back that radiates into both legs.  Tr. 598. She stated she takes methadone for her chronic pain and Percocet for breakthrough pain, which occurs daily.  Tr. 602.  Plaintiff testified she must spend half of each day lying down, and her pain prevents her from going out except to the grocery store with her roommate or to her doctor appointments.  Tr. 605.  In addition, Plaintiff testified the pain is gradually worsening. Tr. 605.  Plaintiff also stated she has to use an electric cart to get to the corner grocery store and mailbox because of her pain even though an electric cart was not prescribed by a physician.  Tr. 603.  Plaintiff also stated she does not drive a car.  Tr. 603.

On December 12, 2003, Plaintiff completed an Adult Disability Report in which she stated her impairments cause her to suffer constant and severe pain and muscle spasms that prevent her from walking, sitting, or standing for any length of time without an increase in symptoms.  Tr. 81.  She stated she sleeps only two hours at a time because of her pain.  Tr. 81-82. Plaintiff also stated she is unable to bend, to stoop, or to lift more than five pounds.  Tr. 82.  In addition, Plaintiff stated her pain interferes with her ability to concentrate.  Tr. 82.

Plaintiff also completed an Activities of Daily Living and

19  -  OPINION AND ORDER

Socialization questionnaire on January 8, 2004, in which she
stated her constant pain prevents her from doing housework,
shopping, engaging in hobbies, or going out with friends.
Tr. 104.

The ALJ rejected Plaintiff's testimony on the ground that
her medically determinable impairments could not reasonably be
expected to produce the alleged symptoms.  Tr. 22.  As noted,
however, the record reflects Plaintiff has the impairment of
degenerative disk disease, which could be reasonably expected to
produce some degree of these symptoms.  Tr. 147, 229-48, 293-325,
396-418, 424-505.  In addition, Dr. Wagener noted Plaintiff did
not appear to be exaggerating her symptoms and her activities of
daily living were consistent with her observed behavior.  Sharon
Eder, M.D., a reviewing physician, also opined Plaintiff's
impairments could reasonably be expected to cause her some degree
of pain.  Tr. 276, 392.  Accordingly, Plaintiff satisfies the
first part of the *Cotton* test.

The ALJ also rejected Plaintiff's testimony on the ground
that her work as a telephone sales consultant was SGA.  Tr. 22.
As noted, however, the ALJ erred when she found Plaintiff's work
as a telephone sales consultant was SGA because she failed to
determine whether Plaintiff's employer specially accommodated
Plaintiff to such a degree that not all of Plaintiff's earnings
should have been counted or whether Plaintiff's work as a

20  -  OPINION AND ORDER

telephone sales consultant constituted a failed work attempt.
*See* 20 C.F.R. §§ 1574(a)(1) and 416.974(a)(1).

In addition, the ALJ rejected Plaintiff's testimony on the
ground that her statements concerning the intensity, persistence,
and limiting effects of her symptoms were not entirely credible.
The ALJ found Plaintiff ceased working in 2003 because her car
broke down, and, therefore, she did not have any transportation.
Tr. 22.  The record reflects Plaintiff attempted to commute to
work by bus, but she had to walk 1/2 mile to the bus stop and
then ride the bus for 45 minutes.  Tr. 554-55.  According to
Plaintiff, the length of the walk and the bus ride exacerbated
her symptoms, which contributed to her decision to stop working.
Tr. 554-55.

On this record, the Court concludes the ALJ erred when she
rejected Plaintiff's testimony because she did not give legally
sufficient reasons supported by substantial evidence in the
record for doing so.


## REMAND

The decision whether to remand this case for further
proceedings or for the payment of benefits is a decision within
the discretion of the Court.  *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely

utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

In addition, when an ALJ improperly rejects a claimant's testimony regarding his limitations and the claimant would be deemed to be disabled if his testimony were credited because no other outstanding issues remain, the court "will not remand solely to allow the ALJ to make specific findings regarding that testimony." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007)(citing *Varney v. Sec'y of Health and Human Serv.*, 859 F.2d 1396, 1401 (9th Cir. 1988)). Instead the claimant's

22  -  OPINION AND ORDER

testimony is to be credited as a matter of law.  *Lingenfelter*,
504 F.3d at 1041.

Here, as noted, the ALJ failed to provide legally sufficient
reasons for finding Plaintiff's testimony not credible and, in
addition, the opinions of Drs. Ward, Wagener, and Anderson
support Plaintiff's symptom testimony.  Based on the record as a
whole, the Court, therefore, credits Plaintiff's testimony as
true.  The Court already has credited the opinions of Drs. Ward
and Wagener.  Thus, the Court concludes the record is complete
regarding Plaintiff's impairments.  Accordingly, the Court finds
Plaintiff suffers from episodes of chronic back pain that render
her unable to sustain work-related activities on a regular and
continuing basis as defined by SSR 96-8p.

At Step Five, Plaintiff's attorney asked the VE at both
hearings whether a claimant could be competitive for jobs in the
local and national economy, including her past relevant work, if
she had to recline or to lie down for half of each day as
Plaintiff testified.  At each hearing the VE concluded a claimant
could not work on a regular and continuing basis with an
impairment that required her to recline or lie down half of each
day.  Dr. Ward also found Plaintiff could not sustain work-
related activities on a regular and continuing basis.  Thus, the
Court concludes on this record that Plaintiff is disabled.

Accordingly, there are not any outstanding issues to be resolved, and further proceedings would not be useful.

### CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

IT IS SO ORDERED.

DATED this 29th day of January, 2009.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge