IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DEBORAH L. ANDERSON,**                          08-CV-6005-BR

       Plaintiff,                           OPINION AND ORDER

v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social**
**Security,**

       Defendant.


**DREW L. JOHNSON**
**KATHRYN TASSINARI**
Drew L. Johnson, P.C.
1700 Valley River Dr.
Eugene, Oregon  97405
(541) 434-6366

       Attorneys for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**ADRIAN BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053


1 - OPINION AND ORDER

**DAVID MORADO**
Office of the General Counsel
**RICHARD RODRIGUEZ**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2545

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion for Attorney Fees (#22) pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  For the following reasons, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees (#22) and awards Plaintiff **$8,373.38** in attorneys' fees and **$17.82** in expenses.

## BACKGROUND

On January 4, 2008, Plaintiff filed a Complaint in this Court in which she requested judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) and found Plaintiff ineligible for Supplemental Security Income (SSI) payments under Titles II and XVI of the Social Security Act.  On October 15, 2008, Defendant filed a Motion to Remand for Further Administrative Proceedings.  On January 28, 2009, this Court reversed the decision of the Commissioner and remanded the matter for the calculation and award of benefits pursuant to sentence four of  § 405(g).

2 - OPINION AND ORDER

On March 24, 2009, Plaintiff filed her Motion for EAJA Fees in this Court, in which she requests $8,528.95 in attorneys' fees and $17.82 in expenses.  On March 31, 2009, Defendant filed a Response in which he objected to six entries as ministerial in nature and to the amount of time Plaintiff's attorneys spent on her opening brief.

## **STANDARDS**

Under the EAJA, the Court may award attorneys' fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States if (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions during the case were substantially justified or that special circumstances make such an award unjust, and (3) the requested attorneys' fees and costs are reasonable.  28 U.S.C. § 2412(d)(1)(A).  *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims.  *Hanrahan v. Hampton,* 446 U.S. 754, 758 (1980).  "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees."  *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604

3 - OPINION AND ORDER

(2001)(internal citation omitted).

## DISCUSSION

Defendant does not object to Plaintiff's request for $17.82 in expenses. Defendant also does not argue the hourly rates of $166.46 for 2007 and $172.85 for 2008 used by Plaintiff to calculate the EAJA fees are unreasonable. In addition, Defendant does not dispute Plaintiff is a prevailing party and does not assert the government's position was substantially justified. Accordingly, the Court finds Plaintiff has established the threshold eligibility for a fee award.

Defendant objects to that portion of Plaintiff's Motion requesting an award for attorneys' fees for 0.9 hours of attorney hours incurred in performing ministerial tasks and for 6.1 hours of attorney hours incurred in preparing Plaintiff's opening brief.

I.   **Ministerial tasks.**

Defendant contends the tasks represented by the six entries for .25 hours each on January 10, 11, and 14, 2008; March 5, 2008; September 18, 2008; and December 18, 2008, and which total 1.5 hours, are ministerial in nature and should be reduced to 0.1 hour each, for a total reduction of 0.9 hours.

Plaintiff purports to agree with Defendant, but Plaintiff states Defendant's proposal would result in a reduction of 0.6

4 - OPINION AND ORDER

hours, rather than 0.9 hours.  Plaintiff appears to believe Defendant proposed to reduce each entry *by* 0.1 hour, not *to* 0.1 hour.  Defendant's proposal is actually a reduction of 0.15 hour, not 0.1 hour, from each of the six entries.

The January 10, 11, and 14, 2008, entries represent reviewing service return receipts; the March 5, 2008, entry represents reviewing a Notice of Appearance; the September 18, 2008, entry represents reviewing Notice of Substitution, and the December 18, 2008, entry represents reviewing a scheduling order.  The Court agrees with both parties that the tasks are ministerial in nature, and, therefore, concludes it is reasonable to reduce each of these entries from 0.25 hour to 0.1 hour as suggested by Defendant.

Accordingly, the Court reduces each entry by 0.15 hour (0.1 subtracted from 0.25), for a total reduction from Plaintiff's requested hours for work performed in 2008 of 0.9 hour (0.15 multiplied by 6).

## II.  Opening brief.

Defendant also contends the 59.75 total hours requested by Plaintiff is excessive because it is higher than the normal range of 20 to 40 hours typically encountered in Social Security disability cases.  *See Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000)(survey of Social Security disability cases suggests an average range of 20-40 hours).  Defendant

5 - OPINION AND ORDER

asserts the time Plaintiff's attorneys spent on her opening brief was excessive and suggests reducing that time by 6.1 hours.

The Court notes that even though 59.75 hours is higher than the typical range, other courts have concluded a similar number of hours is reasonable.  *See Johnson v. Astrue*, No. 07-CV-2387, WL 3984599 at *2 (N.D. Cal. Aug. 27 2008)(finding 57 hours reasonable).  *See also Wirth v. Barnhart*, 325 F. Supp. 2d 911, 913 (E. D. Wis. 2004)(finding 61.1 hours reasonable).  Here the record was over 600 pages long and included transcripts from two hearings, medical evidence dating back to 2001, and material from an Appeals Council remand.  Plaintiff's opening brief was 20 pages, including a factual summary of almost 14 pages.  In addition, the efforts of Plaintiff's attorneys produced a beneficial and final result for Plaintiff in the form of a remand for the immediate calculation and award of benefits.  The Court, therefore, concludes in light of the length and density of the factual record in this matter and the successful efforts Plaintiff's attorneys made on her behalf that no reduction is warranted in the number of hours requested by Plaintiff.

Accordingly, the Court finds the 59.75 total hours expended by Plaintiff's attorneys and their legal assistant on her behalf is reasonable.

In summary, the Court reduces Plaintiff's total requested attorney hours for work performed in 2008 by 0.9 hours.  The

Court, therefore, reduces the EAJA award by $155.57 ($172.85 multiplied by 0.9) and awards a total of $8,373.38 ($8,528.95 less $155.57) in EAJA fees.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Attorneys' Fees (#22) and awards Plaintiff **$8,373.38** in attorneys' fees and **$17.82** in expenses.

IT IS SO ORDERED.

DATED this __28th_ day of May, 2009.

                          ___/s/ Anna J. Brown_____
                          ANNA J. BROWN
                          United States District Judge